The HEARTH, INC., Plaintiff-Appellant,

v.

DEPARTMENT OF PUBLIC WELFARE et al., Defendants-Appellees.

No. 77–3238.

United States Court of Appeals, Fifth Circuit.

May 6, 1980.

F. Edward Barker, Corpus Christi, Tex., for plaintiff-appellant.

David H. Young, Asst. Atty. Gen., John L. Hill, Atty. Gen., David M. Kendall, Jr., Steve Bickerstaff, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before TJOFLAT and HILL, · Circuit Judges, and HIGGINBOTHAM *, District Judge.

PER CURIAM:

The original panel opinion in this case indicated that appellant's complaint was de-

* District Judge of the Northern District of Texas, sitting by designation.

fective on jurisdictional grounds. Having reconsidered the opinion on its own motion, the panel has modified it in three places to make clear that we are affirming the district court's decision because appellant has failed to state a claim upon which relief could be granted. The opinion, so modified, now reads as follows:

This case arises out of a contract dispute between appellant, a non-profit nursing care facility operating in Corpus Christi, Texas, and the Texas Department of Public Welfare. In 1969, appellant voluntarily entered into a contract with the Department wherein it was agreed that the State would reimburse appellant for services rendered to indigent, aged persons. The contract further provided that any such payment could be withheld by the Department "if necessary because of irregularity from whatever cause until such irregularity or difference can be adjusted." Brief for Appellant at 4. In 1973, the Department conducted an audit of appellant and determined that certain irregularities existed in appellant's method of accounting. Appellant was directed to make restitution to certain individuals totalling $21,000, and was informed that a hold would be placed on all payments due appellant until the Department's directive was complied with.

Appellant then filed suit in the United States District Court for the Southern District of Texas, seeking a temporary restraining order, and a permanent injunction in the event that the court determined that the payments had been withheld wrongfully. Named as defendants in the action were the Department and its Commissioner, Raymond Vowell, individually and in his official capacity. The complaint alleged a violation of the due process clause of the Fourteenth Amendment and based jurisdiction on 28 U.S.C.A. § 1331. In 1977, the district court dismissed the suit on the grounds that § 1331 requires that more than $10,000 be in controversy and that any such award against the Department or Vowell, in his official capacity, would be barred by the Eleventh Amendment. The claim against Vowell in his individual capacity was dismissed because of the absence

of any indication that he had personally participated in any alleged wrongdoing. For the reasons stated below, we affirm the dismissal.

Paragraph two of appellant's complaint reads as follows:

This action arises under the Fourteenth Amendment to the Constitution of the United States, Section 1, as hereinafter more fully appears. The matter in controversy exceeds exclusive of interest and costs the sum of $10,000.

In support of its claim, appellant appears to assert that the failure of Texas to provide a forum to adjudicate this contract dispute with the Department amounts to a denial of due process of law. As appellant does not rely on any statute or common law doctrine which might authorize such a suit in the federal courts, we must assume that appellant wishes us to hold that the Fourteenth Amendment alone provides a basis for relief in this case. Neither the original briefs filed in this case, nor the supplemental briefs requested by this panel after oral argument, suggest otherwise.

Although there have been a few notable exceptions, *see e. g., Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution. Our reluctance stems from many concerns, not the least of which is our awareness that the framers of the Constitution saw fit to entrust the job of legislating to the Congress. The results in *Bivens* and *Passman* were necessitated primarily by the absence of alternative remedies. In each case, there simply was no other means of seeking redress for flagrant violations of the plaintiff's constitutional rights. With respect to the instant case, we note that Congress has provided a means of seeking relief against state officials who violate the Constitution. In pertinent part, 42 U.S. C.A. § 1983 states that any person, acting

under color of state law, who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution" shall be liable to such citizen. Without intimating any views on the merits of appellant's due process claim, we note that no attempt has been made to invoke the protection of § 1983. It adds nothing to appellant's case to assume that a suit under § 1983 would be subject to defenses unique to the agency and its officials, for such defenses would also be available in the hypothetical implied Fourteenth Amendment cause of action. With these observations, we hold that appellant's complaint is fatally defective in that it fails to state a claim upon which relief may be granted.

AFFIRMED.