**Christopher GRAVES, Plaintiff,**

v.

**WAYNE COUNTY, et al., Defendants.**

**Civ. No. 82–72502.**

United States District Court,
E.D. Michigan, S.D.

Jan. 30, 1984.

William Lipton, Southfield, Mich., William H. Goodman, Detroit, Mich., for plaintiff.

Edward M. Zelenak, Lincoln Park, Mich., Seth H. Barsky, Southfield, Mich., Dean Koulouras, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This action arises out of the shooting of plaintiff, Christopher Graves, by off duty Wayne County Sheriff Deputy Joseph Russo. Plaintiff was ultimately charged with assault with intent to murder; Russo, a defendant herein, was not charged with having committed a crime. Plaintiff was tried and acquitted. Plaintiff instituted this suit alleging a violation of his civil rights as a result of the shooting and subsequent investigation which culminated in his arrest and trial on the criminal assault charge. 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986. The investigation was conducted by, inter alia, Sergeant Raymond Burtka and Detective Frank Woody of the Southgate Police Department. Plaintiff has included as defendants to this action Burtka, Woody and the City of Southgate (City). This matter is before the Court on the motion of these three defendants to dismiss the claims against them contained in Counts I and II of the complaint for failure to state a claim upon which relief can be granted, pursuant to F.R.Civ.P. 12(b)(6).

While these defendants have captioned this motion as one seeking partial summary judgment, citing Rule 12(b)(6), it is properly construed as a motion to dismiss because matters outside the pleadings have not been presented to the Court. As such, this motion cannot be granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In passing on a motion under Rule 12(b)(6), the facts set forth in the complaint are assumed to be true. *Gibbs v. Buck,* 307 U.S. 66, 76, 59 S.Ct. 725, 731, 83 L.Ed. 1111 (1938).

The facts as alleged in the complaint are as follows. On or about December 10, 1980, plaintiff drove to the Village Place Restaurant, located at Dix and Toledo Road in the City of Southgate. He had gone there to see JoAnne Sturtz, a woman he had been dating for a lengthy period of time. Although not alleged in the complaint, plaintiff apparently waited in his car in the parking lot abutting the restaurant. Sometime later, Ms. Sturtz drove up in the company of defendant Joseph Russo. The complaint alleges that a verbal exchange took place between plaintiff and Russo. The complaint next states that Russo identified himself as a Wayne County Sheriff, pulled his revolver and without justification or legal cause, wantonly, willfully, maliciously and intentionally shot the plaintiff in the back while plaintiff was in the process of withdrawing from the scene. Further, it is alleged that the Southgate Police Department, Sergeant Burtka and Detective Woody, was called to the scene to investigate. Additionally, it is alleged that a warrant for plaintiff's arrest was issued based on the investigation conducted by Burtka and Woody and the testimony of Russo.

*Count I*

The cause of action against the City in Count I[1] is found in ¶ 21 which provides:

---

1. The complaint contains three counts. However, each count recites more than one cause of

21. The City of Southgate through its employees, Police Officers Burtka and Woody violated plaintiff's rights to due process by failing to investigate the occurrences surrounding the wounding of the plaintiff and also falsely arresting the plaintiff and further by joining in the continued prosecution of the plaintiff after it was well known that the facts as told by the defendant Russo were untrue.

The cause of action against Burtka and Woody in Count I is found in ¶ 23 which provides:

23. Each of the defendant officers, Russo, Smith, Burtka and Woody, individually and in concert with the others acted under pretense and color of law in their official capacity, but said acts were beyond the scope of their jurisdiction and without authorization of law and each defendant individually and in concert with the others acted willfully, knowingly and with specific intent to deprive plaintiff of his rights to freedom from unlawful arrest, assault and malicious prosecution all of which rights are secured by the fifth and fourteenth amendments to the constitution of the United States by Title 2 USC 1981, 1983, 1985(3) and 1986.

■ The City moves for dismissal of Count I contending that ¶ 21 seeks recovery under the theory of respondeat superior, which theory the Supreme Court rejected in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell*, the Court set down the yardstick by which such actions are to be measured.

We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may

fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. *Id.* at 694, 98 S.Ct. at 2037. Measured against this standard, Count I of the complaint comes up short. There is simply no allegation that any custom or policy of the City resulted in the alleged deprivation of plaintiff's constitutional rights. Plaintiff's brief in opposition to the motion contends that the issue is whether the City properly trained, supervised and disciplined defendants Burtka and Woody. However, nowhere in Count I of the complaint is there the slightest intimation that the cause of action focuses on a custom or policy. In fact, the words train, supervise and discipline do not appear in connection with any claim against the City.

It is clear to the Court, however, that ¶ 21 is seeking recovery under 42 U.S.C. § 1983 under the theory of respondeat superior. As such, it fails to state a cause of action and will be dismissed. *Monell, supra.*[2]

Defendants Burtka and Woody move for dismissal of Count I contending that ¶ 23 fails to state a cause of action under 42 U.S.C. § 1985(3). Plaintiff has also alleged a violation of 42 U.S.C. § 1986 against Burtka and Woody in ¶ 23 of the complaint. In addition, ¶ 1 of the complaint cites 42 U.S.C. § 1981 although there are no further references to it in the complaint. At the hearing on this matter, plaintiff's counsel informed the Court that plaintiff was no longer pursuing relief under 42 U.S.C. §§ 1981, 1985 and 1986.

Defendants Burtka and Woody have also moved to dismiss the § 1983 claim against them in Count I. Defendants contend that the complaint fails to state that plaintiff has been deprived of a right secured by the Constitution. *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). The claim against de-

action.

2. The defendant City has also moved to dismiss Count II of the complaint. After a careful review of Count II, the Court concludes that

Count II does not allege any cause of action against the City. The City is not mentioned in any of the five paragraphs included in Count II. Accordingly, the Court finds nothing to review.

fendants Burtka and Woody appears in ¶ 23 of the complaint, which provides:

¶ 23. Each of the defendant officers, Russo, Smith, Burtka and Woody, individually and in concert with the others acted under pretense and color of law in their official capacity, but said acts were beyond the scope of their jurisdiction and without authorization of law and each defendant individually and in concert with the others acted willfully, knowingly and with specific intent to deprive plaintiff of his rights to freedom from unlawful arrest, assault and malicious prosecution all of which rights are secured by the fifth and fourteenth amendments to the constitution of the United States by title 2 USC 1981, 1983, 1985(3) and 1986.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court set forth two elements essential to maintenance of a § 1983 action without regard to any express requirement of a particular state of mind.

Both *Baker v. McCollan* and *Monroe v. Pape* suggest that § 1983 affords a "civil remedy" for deprivations of federally protected rights caused by persons acting under color of state law without any express requirement of a particular state of mind. Accordingly, in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Id.* at 535, 101 S.Ct. at 1912. The defendants have focused on the second element, contending that the complaint fails to allege the deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States. The Court agrees with defendants Burtka and Woody.

■ The complaint alleges that the defendant officers, including Burtka and Woody, acted to "deprive plaintiff of his

rights to freedom from unlawful arrest, assault and malicious prosecution all of which rights are secured by the Fifth and Fourteenth Amendments to the Constitution." The rights set forth are not secured by the Fifth or Fourteenth Amendments. As the Supreme Court noted in *Baker, supra,* "[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type injury must be sought in state court under traditional tort-law principles." 443 U.S. at 146. The complaint simply alleges violations of duties of care arising out of tort. Therefore, plaintiff's § 1983 claim in Count I against defendants Burtka and Woody will be dismissed for failure to state a claim upon which relief can be granted.

*Count II*

■ The Court is only called on to address the claims against defendants Burtka and Woody in Count II. See Note 2, *supra.* In Count II, plaintiff does allege that the defendants named therein, including Burtka and Woody, deprived plaintiff of the equal protection of the laws and due process as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution. Defendants Burtka and Woody contend that a direct constitutional tort cannot be maintained against state officials in light of the availability of relief under 42 U.S.C. § 1983. Plaintiff's brief in opposition to these motions does not address this argument of defendants.

Federal courts have addressed the viability of a *Bivens*-type constitutional tort action against state and local officials in light of relief authorized by Congress in 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The most recent survey of the law is found in *Small v. Inhabitants of the City of Belfast,* 547 F.Supp. 761 (D.Me. 1982).

CONSTITUTIONAL CAUSE OF ACTION
INDEPENDENT OF § 1983

In *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized an implied right of action under the fourth amendment against federal officials. The First Circuit has stated that "the Court's methodology belies any claim that *Bivens* should be understood as recognizing sweeping federal judicial power to create damages remedies to vindicate constitutional rights." *Kostka v. Hogg*, 560 F.2d 37, 42 (1st Cir.1977). In *Kostka*, the First Circuit held that there was no implied right of action under the fourteenth amendment against a municipality and its police chief for failure to provide adequate instruction and control of a police officer.

The *Kostka* court so ruled notwithstanding full awareness that two earlier Supreme Court decisions then barred relief under section 1983. Later, in *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court strengthened the *Kostka* ruling that a right of action under the Constitution would not be implied in such circumstances. *Monell* overruled *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), by holding that municipalities are "persons" subject to suit under section 1983, thus removing a major obstacle to relief under section 1983. In *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), the Court further broadened the availability of section 1983 relief against municipalities, holding that "the municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983," *id.* at 638, 100 S.Ct. at 1409. As a result, federal courts have become increasingly reluctant to recognize implied rights of action under the Constitution where section 1983 relief is available. *See Pauk v. Board of Trustees*, 654 F.2d 856, 865 (2d Cir.1981); *Ward v. Caulk*, 650 F.2d 1144, 1147–48 (9th Cir.1981); *Hearth, Inc. v.*

*Department of Public Welfare*, 617 F.2d 381, 382–83 (5th Cir.1980); *Owen v. City of Independence*, 589 F.2d 335, 337 (8th Cir.1978), *rev'd on other grounds*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *Turpin v. Mailet*, 591 F.2d 426 (2d Cir.1979) *(en banc). But cf. Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982) [simple negligence of supervisors insufficient to support either § 1983 or *Bivens* claim].

More recently the Supreme Court has allowed *Bivens* actions against *federal* officials. *See Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). In *Passman*, the Court implied a right of action under the fifth amendment on a claim of gender-based dismissal brought by a female employee against Congressman Otto Passman. *Id.* at 241–44, 99 S.Ct. at 2274–2276. In *Green*, an action brought in behalf of an inmate who died as the alleged result of the failure on the part of federal prison officials to transfer him to a nonprison hospital during an asthma attack, *id.* 446 U.S. at 16 n. 1, 100 S.Ct. at 1470 n. 1, the Court held that a *Bivens* cause of action would be implied under the eighth amendment, unless the defendants could establish (1) that there were special circumstances "counselling hesitation in the absence of affirmative action by Congress" or (2) "that Congress has provided an alternative remedy which [Congress] explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." *Id.* at 18–19, 100 S.Ct. at 1472–1473.

*Green* held that the availability of relief under the Federal Tort Claims Act did not preclude a *Bivens* action, because a *Bivens* action: (1) serves as a more effective deterrent, *id.* at 21 n. 6, 100 S.Ct. at 1473 n. 6; (2) allows punitive damages, *id.* at 22, 100 S.Ct. at 1473; (3) allows jury trials, *id.* at 22, 100 S.Ct. at 1473; and (4) is dependent on uniform federal principles rather than applicable

state law, *id.* at 23, 100 S.Ct. at 1474. *Green* points out that section 1983 actions closely parallel *Bivens* actions, the former involving constitutional violations by *state* officials, the latter, by *federal* officials. *See id.* at 21–25, 100 S.Ct. at 1473–1475. *Green* implicitly counsels that section 1983, not *Bivens*, is the appropriate vehicle for redressing constitutional claims against *state* officials.

Although the First Circuit Court of Appeals has not considered the availability of a *Bivens* action against state officials since *Kostka* and *Monell* were decided, the district courts in the first circuit which have done so have uniformly applied *Kostka*, noting that *Monell* may have altered the reasoning in *Kostka*, but not its result. *See Devasto v. Faherty*, 479 F.Supp. 1069, 1071–72 (D.Mass. 1979); *Leite v. City of Providence*, 463 F.Supp. 585, 587 (D.R.I.1978).

There appears little doubt that *Kostka* controls the present case.

*Id.* at 763–64 (footnotes omitted).[3] This Court finds the reasoning in *Small* persuasive, particularly the analysis of *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).[4] This Court agrees that "*Green* implicitly counsels that section 1983, not *Bivens*, is the appropriate vehicle for redressing constitutional claims against *state* officials." *Small, supra*, at 764 (emphasis in original).

Therefore, because Congress has provided for redress of the injuries allegedly suffered by plaintiff, 42 U.S.C. § 1983, plaintiff's *Bivens*-type claim in Count II against defendants Burtka and Woody fails to state a claim upon which relief can be granted. Accordingly, Count II with respect to defendants Burtka and Woody will be dismissed. An appropriate order shall be submitted.

**3.** The citation to *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir.1982) is somewhat surprising. Nothing in the *Hays* opinion suggests that the plaintiff sought relief directly under the Constitution *and* under 42 U.S.C. § 1983. The Court, in addressing the sufficiency of the allegations under § 1983, did note that the standards applicable to § 1983 actions are also applicable to direct constitutional tort actions. The Sixth Circuit did not intimate that a *Bivens*-type action could be maintained against state and local officials.

**4.** See *Harris v. City of Canton*, 725 F.2d 371 at 374 n. 3. (6th Cir. Jan. 13, 1984).