Curtis L. SHERROD, Plaintiff,

v.

PALM BEACH COUNTY SCHOOL BOARD, Kelly Brown, Jr., Paul La-Chance and J. Kenneth Schrimsher, Defendants.

No. 85–8338–Civ.

United States District Court,
S.D. Florida, N.D.

Oct. 24, 1985.

**1276**

Curtis L. Sherrod, pro se.

Abbey G. Hairston, West Palm Beach, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the cross motions for summary judgment filed by the parties. For the reasons set forth below, the defendants' Motion for Summary Judgment will be GRANTED, and the plaintiff's Motion for Summary Judgment will be DENIED.

The *pro se* plaintiff filed this action pursuant to Title 42 U.S.C., section 1983. The gravamen of his allegations is that the failure to grant a continuing employment contract, tenure, violated his rights under the sixth and fourteenth amendments to the Constitution of the United States.

The facts in this case are not complex and will not be repeated herein. The court does adopt the statement of facts set forth in the defendants' Memorandum of Law in Support of Motion to Dismiss and Motion for Summary Judgment.

The defendants contend, *inter alia*, that this case is barred by Florida's two year limitations statute governing wages and overtime claims. Fla.Stat.Ann. § 95.-11(4)(c) (West 1982).

This assertion is incorrect.

■ The United States Supreme Court recently determined that section 1983 actions are governed by the state limitations statute applicable to negligence or personal injury claims. *Wilson v. Garcia,* — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

In Florida, a four year limitations statute applies. Fla.Stat.Ann. § 95.11(3) (West 1982). Thus, as the plaintiff's asserted causes of action accrued within the four year period, his complaint was filed timely.

The plaintiff's claims, however, cannot withstand the Motion for Summary Judgment.[1]

■ To state a cause of action under section 1983, the plaintiff must show that he had a valid property interest; that the defendants, acting under color of state law, deprived him of that interest; and that the deprivation was accomplished without due process. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■ In the case *sub judice,* the opportunity for tenure is not a viable property right to which constitutional protections are attached. At most, the plaintiff had a mere expectation that a continuing contract would be offered. This expectation is insufficient to create a constitutionally protected property right. *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182 (11th Cir.1985).

■ This court acknowledges that a constitutionally protected property right may be created by law or an express understanding between the parties. *Perry v. Sindermann, supra; Sullivan v. School Board of Pinellas County, supra.* In this case, Florida law does not create a guaranteed right for a nontenured instructor to receive tenure. Although the plaintiff was initially informed he would be *recommended* for tenure if he maintained a high level of professionalism, (Memorandum in Support of Motion to Dismiss and Motion for Summary Judgment, Exhibit 2), this statement was not a guarantee of tenure. It merely presented a condition for recommendation which he failed to maintain.

---

1. As the parties have submitted documentary material outside the complaint, the defendants' Motion is properly considered a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff also argues that the defendants' actions and statements impaired his protected liberty interests. When a nontenured employee is not re-hired, constitutional protections may be infringed when his "good name, reputation, honor, or integrity is at stake because of what the government is doing to him ..." and when the employer "imposes 'a stigma or other disability that forecloses his freedom to take advantage of other employment opportunities.'" *Sullivan v. School Board of Pinellas County, id.* at 1187 (quoting *Board of Regents v. Roth,* 408 U.S. at 573, 92 S.Ct. at 2707) (quoting *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971)).

At first blush, it would appear that the plaintiff's claims create a viable liberty interest cause of action. The unrefuted evidence reveals that no information concerning the defendants' decision to not re-hire the plaintiff is contained within his personnel file. Information relevant to the investigation is maintained in a separate file but is not subject to disclosure except as mandated by law. Thus, any damage or stigma was caused not by the defendants' actions but by the plaintiff who made their actions public by commencing this litigation. Section 1983 relief, therefore, is inappropriate.

Finally, the plaintiff argues that he was dismissed without notice or explanation and thereby denied equal protection and due process. This argument is without a scintilla of merit and refuted not only by the defendants' evidentiary material but by the plaintiff's own submissions.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment be and the same is GRANTED and the plaintiff's Motion for Summary Judgment be and the same is DENIED. Within ten (10) days of the filing of this Order, the defendants shall submit a proposed final judgment.