Fredeva M. NELSON, Plaintiff,

v.

The SCHOOL BOARD OF PALM
BEACH COUNTY, FLORIDA,
Defendant.

No. 89–8280–CIV–JAG.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

May 17, 1990.

Maurice J. Hall, Hall, Hewko & Leibovit,
P.A., West Palm Beach, Fla., for plaintiff.

Abbey G. Hairston, West Palm Beach,
Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court
upon the motion to dismiss pursuant to
Federal Rule 12(b)(6) filed by the defen-
dant, the School Board of Palm Beach
County, Florida (School Board). The plain-
tiff, Fredeva M. Nelson (Nelson), has filed
a response. The defendant chose not to

file a Reply and the motion is ripe for disposition.

The plaintiff is an employee of the Palm Beach school system who is suing the defendant for its refusal to renew her contract as a school principal and her transfer to the position of classroom teacher. Under Section IV of the Complaint, Nelson has alleged three separate causes of action, as follows: (1) violation of civil rights under 42 U.S.C. § 1981, (2) discrimination actionable under Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e et seq., and (3) a claim under the Age Discrimination in Employment Act (ADEA), codified at 29 U.S.C. § 621 *et seq.*

The complaint is ambiguous, however, because Nelson also cites the Fourteenth Amendment, the due process and equal protection clauses thereof, and the civil rights enforcement statute, 42 U.S.C. § 1983. Even though these provisions are alleged in the complaint, they are not included in any substantive claim under Section IV of the Complaint.

■ As a preliminary matter, Nelson's reliance upon the Fourteenth Amendment directly is in error. When Congress has provided a statutory remedy to enforce rights or obtain relief for their deprivation, a plaintiff cannot sue under the Constitution in the first instance. Because the plaintiff here appears to be suing under Section 1983, there cannot also be a claim under the Fourteenth Amendment without some allegation that the statutory remedy is inadequate. *See Hearth, Inc. v. Dept. of Public Welfare,* 617 F.2d 381 (5th Cir. 1980); *Turpin v. Mailet,* 579 F.2d 152, 157–58 (2nd Cir.1978), *aff'd,* 591 F.2d 426 (2nd Cir.1979) (per curiam) (en banc) [reinstating prior opinion after remand by U.S. Supreme Court].

■ The School Board alleges that the Complaint fails to state a claim for relief. This court finds that the plaintiff has sufficiently plead causes of action under Title VII, the ADEA, and section 1983 (to the extent the plaintiff is claiming an abridgement of rights to equal protection). In terms of disparate treatment, Nelson has complied with the requirement of notice pleading in alleging discrimination against her because of her race, sex, and age. She is within the protected groups of Title VII and the ADEA as a Black female who is 50 years old. She alleges in the Complaint that she was doing "exemplary" work prior to her change in employment. Nelson also has alleged an adverse employment action. The change from the position of school principal to classroom teacher involved significant diminuations in supervision, responsibility, the type of work, and pay. Finally, the Complaint alleges the last element of a prima facie case by stating that Nelson was replaced by a younger, white male.

In terms of the claim of disparate impact, the plaintiff has also met her pleading burden. She alleges that the School Board's hiring and promotion policies adversely affect certain minorities, of which she is a member. She has identified the particular job practice challenged. In terms of how this practice has discriminated against these groups, this will require discovery of information which is in the exclusive possession of the School Board. This is all that is required by Federal Rule 12. Of course, the standard is different under Rule 56 and the defendant is protected from frivolous lawsuits by Federal Rule 11.

■ Contrary to the defendant's assertion, Nelson has also sufficiently plead a claim under 42 U.S.C. § 1981. The School Board attempts to classify the change in employment from principal to teacher as a post-hiring action not actionable under section 1981, as held by the recent case of *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). The defendant's position and its reliance on this decision are without merit. It is alleged in the Complaint that Nelson served three years as principal and when the time came for renewal of her contract, she was told that she would not be considered for another term. Florida law specifically governs the position of principal. Section 231.36(1)(b) provides:

A supervisor or principal shall ... receive a written contract ... Such con-

tract may be for an initial period not to exceed 3 years, subject to annual review and renewal ...

The *Patterson* case addressed this very situation when it said that promotions and demotions were covered by section 1981 when "the nature of the change in position was such that it involved the opportunity to enter into a *new contract* with the employer. If so, then the employer's refusal to enter the new contract is actionable under § 1981." 109 S.Ct. at 2377 (emphasis added). The Supreme Court merely held that discrimination during a period of employment already covered by a contract was not actionable under this provision since it only applied to discrimination when entering into contractual relationships, whether initially or at a later time.

■ The plaintiff is also apparently attempting to allege a claim under 42 U.S.C. § 1983. If so, Nelson should amend her Complaint to add this cause of action under Section IV to place the defendant on notice of the basis for her action. To the extent that Nelson seeks to invoke this statute because of a deprivation of equal protection, the Complaint is sufficient for Rule 12 purposes. However, this is not true to the extent Nelson is suing for a deprivation of due process.

Even if Nelson has a protected interest, she has not alleged that the process actually given was constitutionally deficient. She has no substantive due process right to continued employment with the School Board in the position of principal. However, if the School Board decides to change or terminate her job, she may be entitled to certain procedural protections. But, Nelson does not allege that either the notice given or the hearing did not comport with the Fourteenth Amendment.

Moreover, even if there had been such an allegation, it would not be material because Nelson has no protected liberty or property interest under the Fourteenth Amendment.

In terms of the latter interest, the Eleventh Circuit discussed the relevant inquiries in *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1185 (11th Cir.1985), when it stated the following:

To have a constitutionally protected protected property interest in continued employment, a nontenured school district employee 'must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.' [citation omitted] ... Such an interest generally may be created by law or through some mutually explicit understanding between the parties.

Under Section 231.36(1)(b), Nelson only had a legitimate claim of entitlement to the position of principal for a period of three years. After that, the contingent possibility that she would obtain a new contract was a mere "unilateral expectation" unprotected by the Constitution. Her change of employment to the position of classroom teacher, whether classified as a transfer, demotion, or reassignment, also does not implicate a property interest. The possibility of nontransfer was a mere contingency. Nelson attempts to come within the language of *Sullivan* by alleging, in her response to the motion to dismiss, that "officials of the Palm Beach County School Board promised Plaintiff continued employment as a principal or placement in a comparable position." *See* Response at 5. Without finding that such a "promise" would constitute a "mutually explicit understanding between the parties", the plaintiff's argument is flawed because there is no such allegation in the Complaint, as presently drafted.

■ Nelson also did not have a liberty interest in her position. The Complaint alleges that the plaintiff suffered a loss of prestige and reputation because of this adverse employment action. However, discussion of others about the mere *act* of the School Board in an employment choice is not sufficient. To implicate a protected liberty interest, the plaintiff must allege that the change in employment "was attended by stigmatizing charges which 'might seriously damage his standing and associations in his community' or foreclose 'his freedom to take advantage of other employment opportunities.'" *Sullivan*, 773 F.2d at 1187. The Complaint contains no allegations that Nelson's employment

**481**

change was accompanied by any type of statement by the School Board. In addition, as noted by the defendant, information about employment is confidential under Florida law. *See* FLA.STAT. § 231.291(3)(a)2. Lastly, to the extent disclosure of certain information may occur as a result of this lawsuit, the plaintiff cannot claim a deprivation of liberty since she filed this action and the defendant has a privilege to defend against the claims. *See Sherrod v. Palm Beach County School Board,* 620 F.Supp. 1275 (S.D.Fla.1985) (Gonzalez, J.), *aff'd,* 792 F.2d 1125 (11th Cir.1986) (without op.). Therefore, under the present Complaint, the loss of reputation and prestige are recoverable, if at all, as an element of damages.

Accordingly, having considered the motion and the record in this cause, it is hereby

ORDERED AND ADJUDGED as follows:

(1) The motion of the defendant School Board is GRANTED IN PART AND DENIED IN PART. The Complaint shall be DISMISSED to the extent it alleges claims for relief under the Fourteenth Amendment directly and under the due process clause thereof. Further, if the plaintiff intends to sue for deprivation of equal protection and under 42 U.S.C. § 1983, she should allege these claims explicitly. The plaintiff Nelson is hereby GRANTED leave to file an amended complaint within twenty calendar days of the date of this order. The defendant shall then file its response within ten days after service of the Second Amended Complaint.

(2) The parties shall continue discovery. If they have not already complied with the scheduling provisions of S.D.Fla. L.R.C. 14(A), they should do so within forty calendar days of the date of this order.

(3) A scheduling conference before this court shall be set by further order, to be issued forthwith.

DONE AND ORDERED.