**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-30200
(Summary Calendar)
_____

ERIC BERGER,

Plaintiff-Appellant,

versus

CITY OF NEW ORLEANS; RICHARD PENNINGTON,
in his official capacity as Superintendent of Police,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CV-00-1596)
_____

September 4, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM[*]:

New Orleans attorneys Frank G. DeSalvo and Harry J. Boyer, Jr., of Frank G. DeSalvo, A.P.L.C., filed suit on behalf of Plaintiff-Appellant Eric Berger, a New Orleans Police Officer, directly under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Art. 1 § 3 of the

[*] Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

1

Louisiana Constitution against Defendants-Appellees City of New Orleans and its police Superintendent Richard Pennington, in his official capacity. The district court dismissed Berger's suit pursuant to Fed. R. Civ. P. 12(b)(6) for the obvious reason that Berger cannot maintain a cause of action directly under the Fourteenth Amendment when seeking to assert Constitutional violations against municipalities or governmental actors, but must employ the applicable statutory mechanism when one exists —— here, 42 U.S.C. § 1983. As a result of our review, we are completely satisfied that the district court correctly disposed of Berger's suit for precisely the right reasons, which are set forth in the court's careful analysis. Our review also convinces us that Berger's appeal by these same attorneys is wholly without merit, so we dismiss it as frivolous.

We review the district court's dismissal under 12(b)(6) de novo, keeping in mind that such dismissals are disfavored and infrequently granted.[1] This does not mean, however, that an appeal from such a ruling cannot be frivolous, and this one clearly is. On appeal, counsel for Berger do not argue that they should have been given leave to amend their pleadings so as to assert their client's claim under the correct statutory framework. Indeed they could not so argue because they never sought leave to file an amended complaint, either during the course of proceedings in the

_____

[1] Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000).

2

district court or after that court granted judgment, under either Rule 59(e) or Rule 60(b). Rather they have continued doggedly to insist, as they did in the district court, that they are entitled to pursue a direct cause of action for their public-employee client under the Fourteenth Amendment. They are absolutely wrong as a matter of law, and either knew they were wrong all along or clearly should have known that well before filing this appeal.

The district court correctly noted that we have long harbored a great reluctance to allow the pursuit of constitutional causes of action directly.[2] Even the most cursory reading of our case law demonstrates beyond cavil that we have permitted prosecution of such actions directly under the Constitution <u>only</u> when necessitated by a total absence of alternative courses and "no other means" existed to seek "redress for flagrant violations of the plaintiff's constitutional rights."[3] When a statutory mechanism is available, § 1983 being a prime example, plaintiffs must invoke its protection.[4]

Counsels' reliance on <u>City of Willowbrook v. Olech</u> is not only misplaced, it is egregiously erroneous.[5] Contrary to counsels'

---

[2] <u>Hearth, Inc. v. Dep't. of Pub. Welfare</u>, 617 F.2d 381 (5th Cir. 1980).

[3] <u>Id</u>. at 382.

[4] <u>Id</u>.; <u>see</u>, <u>e.g.</u>, <u>Hunt v. Smith</u>, 67 F.Supp. 2d 675, 681 (E.D. Tex. 1999).

[5] <u>City of Willowbrook v. Olech</u>, 528 U.S. 562 (2000).

bald misrepresentation to this court, <u>Olech</u> did <u>not</u> approve of a direct cause of action under the Fourteenth Amendment. Diametrically to the contrary, the plaintiffs in <u>Olech</u>[6] advanced Fourteenth Amendment claims pursuant to § 1983, the very statute counsel should have invoked in asserting Berger's claims — as they should have known and, we speculate, did know, given their history of representing police officers in such cases.

On appeal, Berger's counsel neither briefed nor listed as a contested issue the district court's dismissal of Berger's supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3). As such failure constitutes abandonment of this claim, it is deemed waived, so we do not address it.

Even though Berger's initial suit was not dismissed as frivolous by the district court, his lawyers' mindless advancement of the same flawed legal arguments on appeal clearly reflects frivolousness. Undeterred, as they should have been, by the district court's pellucid explanation of our jurisprudence and by their own misrepresentation of precedent from this court and the U.S. Supreme Court, counsels' prosecution of this appeal is at best professionally irresponsible and at worst deliberately abusive of the appellate process, wasting judicial resources and simultaneously depriving their client of any chance of success that he might otherwise have had.

---

[6] <u>See</u> <u>Olech</u>, 160 F.3d 386 (7th Cir. 1998); <u>Olech</u>, 1998 WL 196455 (N.D. Ill. 1998).

4

For the foregoing reasons we are in complete agreement with the district court's disposition of Berger's action.  Berger's appeal of the court's dismissal of his lawsuit pursuant to Rule 12(b)(6) is dismissed as frivolous, and counsel are ordered to file memoranda or a joint memorandum, not to exceed twenty (20) pages in length, within thirty (30) days after this opinion is filed, to show cause why they should not be sanctioned for their unprofessional performance in this appeal.

APPEAL DISMISSED as frivolous; COUNSEL ORDERED to show cause why they should not be sanctioned.