United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20836
Summary Calendar

ROYCE EUGENE MITCHELL, JR.,

Plaintiff-Appellant,

versus

THE STATE OF TEXAS; TROOPER DOMINGUE;
TROOPER BUUCK; SHERYL JACKSON, Hitchcock Officer;
DAREL E. BEENE; BILL'S WRECKER SERVICE;
HITCHCOCK POLICE DEPARTMENT; CITY OF HICHCOCK TEXAS;
TEXAS DEPARTMENT OF PUBLIC SAFETY; GALVESTON COUNTY
SHERIFF'S OFFICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3651
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Royce Eugene Mitchell, Jr., filed a pro se civil rights complaint alleging that he was deprived of his constitutional rights under the United States and Texas Constitution as a result of being stopped and arrested for violations of state traffic laws.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He asserts that he is not subject to the state traffic laws, including the requirements that he possess a valid driver's license and that his vehicle be registered with the state.

It is not clear from the record whether some or all of Mitchell's claims are barred by the doctrine of collateral estoppel. However, assuming that the claims are not barred, Mitchell's failure to invoke 42 U.S.C. § 1983 subjects the complaint to dismissal for failure to state a claim. See Burns-Toole, D.D.S. v. Byrne, D.D.S., 11 F.3d 1270, 1273 n.3 (5th Cir. 1994) Hearth, Inc. v. Dep't of Public Welfare, 617 F.2d 381, 382-83 (5th Cir. 1980).

Further, viewing Mitchell's complaint in the light most favorable to his claims, his allegations do not state a constitutional claim upon which relief can be granted. The stop of his vehicle and his subsequent arrest based on probable cause were lawful under the federal and state Constitutions and under the laws of Texas. See Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Jones, 185 F.3d 459, 463-64 (5th Cir. 1999); See TEX. CODE CRIM. P. ANN. arts. 14.01(b), 14.03(g); TEX. TRANSP. CODE § 502.002(a)(1), § § 521.021.

The officers were not required to bring Mitchell before a magistrate because they were authorized under Texas law to issue a citation containing a written notice of the time and place that Mitchell would be required to appear before the magistrate at a later date. TEX. CRIM. CODE art. 14.06(a);

TEX. TRANS. CODE art. 542.301.  Mitchell's complaints about the impoundment of his vehicle by the wrecking company are also frivolous.  See Josey v. Texas, 981 S.W.2d 831, 837 (Tex. App. 1998).  Mitchell failed to state a claim for a Fifth Amendment violation because that provision is applicable only to actions attributable to agents of the federal government, and not to those attributable to a municipal government or its agents.  See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996).

Mitchell's appeal is without arguable merit and, therefore, is DISMISSED as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Mitchell is cautioned that filing additional frivolous suits or appeals may result in the imposition of sanctions.

Mitchell's motion to strike the appellee Attorney General of Texas' motion for an extension of time to file a brief and this court's order granting the extension is DENIED.  Mitchell's motion for a refund of the docketing fees paid is also DENIED.  See 5TH CIR. R. 5(e).

APPEAL DISMISSED; SANCTION WARNING GIVEN; MOTIONS DENIED.