Rhonda Renee HICKMAN, Plaintiff,

v.

U.G. LIVELY and Metropolitan Transit Authority, Defendants.

Civ. A. No. H–94–2604.

United States District Court,
S.D. Texas,
Houston Division.

April 27, 1995.

Jeffery Mundy & John A. LaBoon of Bean & Manning, L.L.P., for defendant, Metropolitan Transit Authority.

Sarnie A. Randle, Jr. of Randle & Associates, for plaintiff, Rhonda Renee Hickman.

## MEMORANDUM OPINION

RAINEY, District Judge.

Pending before the Court is the Motion of Defendant Metropolitan Transit Authority ("Metro") for Summary Judgment (Docket Entry # 8). In light of the fact that no response has been filed, the Court deems it unopposed in accordance with Local Rules. *See* S.D.Tex.R. 6(E). Furthermore, after reviewing the motion, the record, and the applicable law, the Court is of the opinion that it should be GRANTED on the merits as set forth below.

### I.

#### STATEMENT OF THE CASE

Plaintiff brings this action against Metro and Defendant U.G. Lively ("Lively") for damages she sustained as a result of intentional torts allegedly committed by Lively while he was operating a Metro bus. Plaintiff asserts that Lively and Metro violated her constitutional rights and seeks damages under 42 U.S.C. § 1983. Plaintiff further alleges that Metro was negligent and is amenable to suit under to the Texas Tort Claims Act for the following acts and omissions:

1) Wrongful misuse of tangible property;

2) Wrongful misuse of pre-employment, employment and post-employment documents to determine or assess the mental or emotional stability of its drivers; and

3) Wrongful failure to obtain mental or psychiatric records and evaluations of its drivers to review their mental and emotional stability.

Metro counters that these negligence claims are proscribed by the Texas Tort Claims Act, and that it is entitled to judgment as a matter of law on the section 1983 claim. There is no indication in the record that Lively has been served.

## II.

### SUMMARY JUDGMENT STANDARD

■ "[J]udgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). To determine whether there are any issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Having done that, the Court must review the evidence bearing on those issues, viewing the facts and inferences therefrom in the light most favorable to the nonmoving party. *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990), *cert. denied,* —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; the nonmoving party cannot rest on his allegations to get to a jury without "any significant probative evidence tending to support the complaint." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. at 2510 (citations omitted).

■ Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). To satisfy this burden, the moving party may either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim, or if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). The Court does not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.,* 37 F.3d at 1075.

■ If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response, however, if the movant does meet this burden, the burden shifts to the nonmoving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted. As the Supreme court has said, if a rational trier could not find for the nonmoving party based on the evidence presented, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 584–88, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

## III.

### ANALYSIS OF THE CASE

#### A.

■ Metro "may be held liable under section 1983 for a deprivation of rights protected by the Constitution or federal law only if that deprivation is inflicted pursuant to an official policy." *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir.1995). Such a policy may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984).

In *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611, 635–38 (1978), the Supreme Court held that Congress intended section 1983 to apply to local government entities as well as to persons. The Court, however, also held that local governments cannot be held liable under section 1983 on a *respondeat superior* theory. Similarly, the Fifth Circuit has held that supervisory officials may not be found vicariously liable for the actions of their subordinates under section 1983. *Lopez v. Houston Indep. School Dist.,* 817 F.2d 351, 355 (5th Cir.1987) (citing *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985)).

In this case, Plaintiff's amended petition asserts that she was deprived of her constitutional rights as a result of Lively's physical and verbal abuse. She alleges that this conduct violated the privileges and immunities guaranteed to her by the Constitution. Metro's name does not appear in the paragraph asserting the section 1983 count. As stated previously, Metro may not be held vicariously liable for Lively's acts.

██ To the extent that the amended petition, as construed in its entirety, alleges that Metro's customs and policies violated Plaintiff's rights under section 1983, the Court finds as follows. Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. *Rodriguez v. Avita,* 871 F.2d 552, 554 (5th Cir.1989); *Palmer v. City of San Antonio,* 810 F.2d 514, 516 (5th Cir.1987).[1] "To demonstrate a municipal custom or policy under § 1983, a plaintiff must at least allege:

> a pattern of similar incidents in which citizens were injured or endangered by intentional or negligent policy misconduct and/or that serious incompetence or misbehavior was general or widespread throughout [Metro's] force."

*Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir.1992) (quoting *Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984)).

The Court finds that the Plaintiff has not overcome her burden of producing specific facts showing a genuine issue of material fact for trial. *Fraire,* 957 F.2d at 1278. The Plaintiff has failed to counter Metro's contentions that its policies and customs were not constitutionally deficient. The Plaintiff has *failed to even respond* to this dispositive motion. The Plaintiff's allegations in her amended petition do not satisfy the nonmovants' summary judgment burden.

### B.

██ The Court next addresses the claims brought pursuant to the Texas Tort Claims Act. The Texas Tort Claims Act governs the instances in which governmental units of the state may, or may not, be held liable to private litigants. *Campbell,* 43 F.3d at 978 n. 7. Under the doctrine of sovereign immunity, the State is not liable for the negligence of its employees absent a constitutional or statutory provision for liability. *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976); *Texas Highway Dept. v. Weber,* 147 Tex. 628, 219 S.W.2d 70 (1949) *Hosner v. De Young,* 1 Tex. 764, 769 (1847). The Texas Legislature enacted the Texas Tort Claims Act to waive governmental immunity only in certain circumstances. Tort Claims Act, 61st Leg., R.S., ch. 292, 1969 Tex.Gen.Laws p. 874. The Texas Tort Claims Act did not abolish the doctrine of sovereign immunity. *University of Texas Med. Branch v. York,* 871 S.W.2d 175 (Tex. 1994). Metro "qualifies as a local government entity by virtue of TEX.REV.CIV.STAT. art. 1118x, § 13A." *Bryant v. Metropolitan Transit Authority,* 722 S.W.2d 738 (Tex. App.—Houston [14th Dist.] 1986, no writ). Section 101.021 of the Texas Tort Claims Act states:

> A governmental unit in the state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage,

---

1. "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." *Bennett v. City of Slidell,* 728 F.2d 762, 768 n. 3 (5th Cir.1984), *cert. denied,* 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).

personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021.

■ Plaintiff asserts that Metro was negligent in its use of tangible personal property, i.e., that the proximate and direct cause of her damages was the negligent use of employment materials and procedures.[2]

In *Univ. of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175 (Tex.1994), the Supreme Court of Texas

held that information, which may or may not be recorded in medical records, is not tangible personal property within the meaning of section 101.021(2) of the Act. *Id.* at 179. "Information then, is intangible; the fact that information is recorded in writing does not render the information tangible property." *Id.* ... *York* was recently reaffirmed by the Texas Supreme Court in *Kassen v. Hatley*, 887 S.W.2d 4 (Tex.1994). There, citing *York*, the Court stated that "information in medical records is not tangible personal property within the meaning of the Texas Tort Claims Act" and that "[t]he reasoning of *York* extends to [plaintiffs' decedent] Johnson's medical records, the difficult patient file, and the emergency room procedures manual. Use, misuse or non-use of these items ... did not support a claim under the Texas Tort Claims Act." *Kassen* goes on to also hold that "a claim of non-use of property ... does not trigger waiver of sovereign immunity under the Texas Tort Claims Act." *See also Washington v. City of Houston*, 874 S.W.2d 791, 795 (Tex.App.—Texarkana 1994; no writ) (construing *York* as disapproving cases ... holding use or nonuse of

information in city's personnel files not within Act, and stating that contrary position "would expand the statute to the point that a plaintiff could characterize almost any act or omission as involving the use of tangible property.").

*Campbell*, 43 F.3d at 979.

In light of the foregoing, the Court finds that Metro is entitled to judgment as a matter of law on Plaintiff's causes of action under the Texas Tort Claims Act. The Plaintiff's allegations that the use, misuse or nonuse of Metro's records are clearly not cognizable under the statute after the Fifth Circuit's decision in *Campbell*. *Id.*

### C.

Remaining before the Court are the Plaintiff's claims against Lively. As stated previously, there is no evidence that Lively has ever been served in this case. The language of Rule 81(c) of the Federal Rules of Civil Procedure requires application of the federal rules to procedures after removal.[3] *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir.1993). Rule 4(m) provides for dismissal of a case in which service is not accomplished within 120 days after removal, unless good cause is shown for failing to effect service within that time period. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1348 (5th Cir.1992); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985). Since this case was removed on July 29, 1994, the Plaintiff had until November 28, 1994 to effectuate service on Lively.

■ Under Rule 4(m), the plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988). Good cause is more than simple inadvertence, mistake or ignorance. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d at 1306. "Good cause," at a minimum, means excusable neglect, and a plaintiff also may be required to show that (1) the party to be

---

**2.** The record reflects that Plaintiff is not attempting to hold Metro vicariously liable for the conduct of its agent, Lively. Plaintiff specifies that she seeks redress from Metro solely for its own negligence and violations of her civil rights.

**3.** FED.R.CIV.P. 81(c) states in pertinent part:

These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.

served personally received actual notice of the lawsuit; (2) the defendant would not suffer any prejudice by the court extending the 120–day deadline; and (3) the plaintiff would be severely prejudiced if his complaint were dismissed. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

The Plaintiff has not shown the validity of service and made no effort to explain her failure to comply with the requirements of Rule 4(m). Therefore, the Court finds that the Plaintiff has failed to show good cause for not complying with Rule 4(m).

The Court is cognizant of the fact that the statute of limitations may have run in this case, however, a dismissal "without prejudice" does not mean "without consequence." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir.1989). The "without prejudice" condition permits a plaintiff to refile the complaint as if it had never been filed. Rule 4(m) does not, however, give the Plaintiff a right to refile without the consequence of time defenses, such as the statute of limitations. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir.1995); *see Redding v. Essex Crane Rental Corp. of Alabama*, 752 F.2d 1077 (5th Cir.1985) and *Changes in Federal Summons Service*, 96 F.R.D. 81, 120 (1983).

## IV.

### CONCLUSION

There is no genuine issue of material fact in this case in regard to the claims against Metro, therefore, Metro is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257, 106 S.Ct. at 2514–15. Accordingly, Metro's motion for summary judgment is GRANTED.

In light of the fact that Lively has not been served in compliance with Rule 4(m), the Court is of the opinion that the claims against Lively should be DISMISSED WITHOUT PREJUDICE.[4] *George v. U.S. Dept. of Labor, O.S.H.A.*, 788 F.2d 1115, 1116

4. Under Rule 4(m), if a plaintiff is not diligent and fails to serve the complaint within 120 days or such further time period as ordered by the

(5th Cir.1986) (courts have broad discretion in deciding whether to dismiss an action for untimely service of process).

It is so ORDERED.

court for good cause, the case shall be dismissed without prejudice.