Laura HUNT, Plaintiff,

v.

Tommy SMITH, in his official and individual capacity, State of Texas, State of Texas Office of the Attorney General, Dan Morales, in his official and individual capacity, David Vela, in his official and individual capacity, Adrian Vasquez, in his official and individual capacity, Stephan Hubbard, in his official and individual capacity, Defendants.

No. 1:99–CV–22.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 13, 1999.

Laura Hunt, Port Arthur, TX, plaintiff pro se.

Michael Winget–Hernandez, Assistant Attorney General, State of Texas, Office of Attorney General, Austin, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

Came to be considered the Plaintiff's Motion to Remand, the Defendant's Motion to Dismiss, the Plaintiff's Motion to Extend Time to Respond to Motion to Dismiss and Request for Oral Hearing, and the Plaintiff's Motion to Extend Time for Service.

After considering the motions, the Court DENIES Plaintiff's Motion to Remand, GRANTS Defendant's Motion to Dismiss WITH PREJUDICE as to Defendant Tommy Smith, DENIES Plaintiff's Motion to Extend Time to Respond to Motion to Dismiss and Request for Oral Hearing, and DENIES Plaintiff's Motion to Extend Time for Service.

The Court also DISMISSES WITHOUT PREJUDICE all claims against the State of Texas, State of Texas Office of the Attorney General, Dan Morales, David Vela, Adrian Vasquez, and Stephan Hubbard.

## BACKGROUND

On December 9, 1998, the Plaintiff, Laura Hunt ("Ms. Hunt" or "Plaintiff"), pro se, filed suit in the 136th Judicial District Court of Jefferson County, Texas to recover damages for her alleged wrongful termination as an attorney with the State of Texas Office of the Attorney General. The Plaintiff was employed with the State of Texas Office of the Attorney General, Child Support Division, from August of

1990 until her termination in December of 1996. On December 10, 1998, Ms. Hunt filed in state court, "Plaintiff's First Amended Original Petition." In this document, Ms. Hunt named as Defendants Tommy Smith, in his official and individual capacity, the State of Texas, the State of Texas Office of the Attorney General, Dan Morales, in his official and individual capacity, David Vela, in his official and individual capacity, Adrian Vasquez, in his official and individual capacity, and Stephan Hubbard, in his official and individual capacity.

Plaintiff asserted a variety of claims against the Defendants in her petition. As far as the Court can tell from the Plaintiff's petition, these claims include: (1) intentional infliction of emotional distress, (2) defamation, (3) intentional interference with employment and profession relationship, (4) breach of good faith and fair dealing, and (5) denial of due process and equal protection pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

Although Ms. Hunt is an attorney, the record fails to indicate that she served any of the Defendants correctly. Despite improper service, Tommy Smith (Ms. Hunt's immediate supervisor at the Office of the Attorney General) voluntarily answered and thereby made an "appearance" in state court. To this date, Ms. Hunt has not attempted to re-serve any of the Defendants. No Defendant, other than Tommy Smith, has answered in state or federal court. Ms. Hunt has not sought a default judgment with respect to any of the Defendants that have not answered (either in state or federal court).

On January 19, 1999, Defendant Tommy Smith filed Defendant's Notice of Removal with this Court. Defendant Smith sought removal on the basis of federal question jurisdiction pursuant to the Plaintiff's federal Constitutional claims.

## ANALYSIS

### I. Plaintiff's Motion to Remand.

■ Although nowhere stated in the removal statutes, case law has established that an action generally cannot be removed to federal district court unless all defendants eligible for removal join in the notice of removal.[1]

■ This rule is subject to five recognized exceptions. All defendants need not join in the notice of removal if: (1) a case is governed by Section 1441(d) in which defendants who are foreign states, instrumentalities, or entities thereof wish to remove;[2] (2) the non-joining defendant is merely a nominal or formal party;[3] (3) the defendant is a federal officer;[4] (4) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c);[5] or

---

**1.** See e.g., Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220 (1900); Henry v. Independent American Sav. Ass'n, 857 F.2d 995, 999 (5th Cir.1988) ("[F]ailure of all defendants to join is usually a bar to removal."); Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir.1992) (explaining that if even one of the defendants refuses to consent, the removal is procedurally defective, and the case should be remanded upon timely challenge by the plaintiff.).

**2.** In these cases a foreign state or entity thereof can remove even over the objection of one or more defendants. See Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371 (5th Cir. 1980).

**3.** See Farias v. Bexar County Bd. of Trustees, 925 F.2d 866, 871 (5th Cir.1991); Johnson v.

Helmerich & Payne, Inc., 892 F.2d 422 (5th Cir.1990); Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 327 (5th Cir.1970); Balazik v. County of Dauphin, 44 F.3d 209, 213 n. 4 (3d Cir.1995).

**4.** 28 U.S.C. § 1442(a). A federal officer may remove to federal court under this statute without the consent of other defendants.

**5.** See Henry v. Independent American Sav. Ass'n, 857 F.2d 995, 999 (5th Cir.1988); Albonetti v. GAF Corp.—Chemical Group, 520 F.Supp. 825 (S.D.Tex.1981); Courtney v. Benedetto, 627 F.Supp. 523, 526 (M.D.La.1986); Richards v. Harper, 864 F.2d 85 (9th Cir. 1988).

(5) the non-joining defendant has not been served with process at the time the removal petition is filed.[6]

■ The issue presented here is whether removal was proper notwithstanding that just one of the seven named Defendants joined in the Notice of Removal. The Plaintiff asserts in her Motion to Remand that "[r]emoval of this action is not proper in that all the defendants in the action have not joined in the removal."

This Court recognizes that no other Defendant joined in the Notice of Removal. However, based on the evidence the Plaintiff has presented to the Court, none of the Defendants have been served with process correctly.[7]

Defendant Tommy Smith voluntarily answered in state court on January 11, 1999 and thereby made an appearance. However, no other defendant made an appearance in state or federal court. Despite the fact that not all named Defendants joined in the notice of removal, this Court rules that removal was not defective since the non-joining Defendants were not served.

■ Although not brought to the attention of the Court by the Plaintiff, the Court is aware that Defendant's Notice of Removal was not timely. 28 U.S.C. § 1446(b) clearly states that a petition for removal must be filed within thirty days after service of summons upon the defendant. In his own Notice of Removal, Defendant Tommy Smith admits that Plaintiff's First Amended Original Petition was served upon him on December 16, 1998. Based on this date, Defendant's Notice of Removal was due on January 15, 1999.[8]

Defendant Smith, however, did not file his Notice of Removal until January 19, 1999.

Although Plaintiff did file the above-mentioned Motion to Remand, she never once objected to the Defendant's Notice of Removal because of its untimeliness. The removal statute requires that a motion to remand a case for "procedural" defects in the removal must be made within thirty days after the removal notice is filed in federal court. 28 U.S.C. § 1447(c); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 117 S.Ct. 467, 473 136 L.Ed.2d 437 (1996); *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995). Late removals have been held to be a "procedural" defect, and thus subject to the thirty day time limitation. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 (11th Cir.1989).

■ The caselaw is clear that a plaintiff, who does not object to a procedural error with regard to removal, waives the error if not objected to within thirty days. This rule is set forth in *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir.1998) (citing *Williams v. A.C. Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783 (5th Cir.1993)):

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, *the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.* Only in the case of a lack of subject matter jurisdiction—such as no diversity of citizenship, or the

**6.** *See Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939); *Marshall v. Skydive Am. S.*, 903 F.Supp. 1067, 1069 (E.D.Tex.1995); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985).

**7.** The plaintiff has the responsibility to see that the record reflects the defendant was properly served. *Verlander Enters., Inc. v. Graham*, 932 S.W.2d 259, 262 (Tex.App.—El

Paso 1996, no writ). Ms. Hunt did not meet this burden.

**8.** This date employs the counting method set forth in Rule 6 of the Federal Rules of Civil Procedure. In computing time, one counts weekends and legal holidays when the corresponding time period is 11 days or more. Counting December 17, 1998 as "day one," the thirtieth day falls on January 15, 1999.

absence of a federal question if that were the sole ground for removal—may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days (emphasis added).

■ Ms. Hunt waived any objection she might have had regarding the timeliness of the Notice of Removal. Also, this Court does not have power to remand a case, *sua sponte*, to state court for procedural defects in the removal without a motion by the plaintiff. *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir.1993). It may only remand the case after the plaintiff objects to the procedural defect. *Id.* at 223. Therefore, although the Defendant's Notice of Removal was not timely, the Court has no power to remand the case back to state court.

The Court hereby DENIES the Motion to Remand since the unserved Defendants need not join in the removal, and the Plaintiff failed to object to the lack of timeliness of the Defendant's Notice of Removal.

## II. Defendant's Motion to Dismiss.

On July 16, 1999, Defendant Smith filed a Motion to Dismiss. The Motion to Dismiss is predicated on four grounds: (1) there is no direct cause of action under the United States Constitution; (2) Eleventh Amendment immunity bars all claims against Defendant in his official capacity; (3) all federal Constitutional claims against Defendant Smith individually are barred by qualified immunity; (4) state law claims against Defendant Smith individually are barred by official immunity.

Defendant's Ground 1: There Is No Direct Cause of Action Under the United States Constitution.

■ Plaintiff's First Amended Original Petition repeatedly alleges violations of the Fifth and Fourteenth Amendments of the United States Constitution. Although Ms. Hunt's First Amended Petition is thirteen pages in length, single-spaced, she never once cites to, or seeks the protection of 42 U.S.C. § 1983.

*Hearth, Inc. v. Department of Pub. Welfare*, 617 F.2d 381, 382–83 (5th Cir.1980) states the following:

Although there have been a few notable exceptions, *see e.g., Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the federal courts, and this Circuit in particular, have been hesitant to find causes of action arising directly from the Constitution. Our reluctance stems from many concerns, not the least of which is our awareness that the framers of the Constitution saw fit to entrust the job of legislating to the Congress. The results in *Bivens* and *Passman* were necessitated primarily by the absence of alternative remedies. In each case, there simply was no other means of seeking redress for flagrant violations of the plaintiff's constitutional rights. With respect to the instant case, we note that Congress has provided a means of seeking relief against state officials who violate the Constitution. In pertinent part, 42 U.S.C.A. § 1983 states that any person, acting under color of state law, who deprives a United States citizen "of any rights, privileges, or immunities secured by the Constitution" shall be liable to such citizen.

The language of *Hearth* is clear. 42 U.S.C. § 1983 is the necessary vehicle through which a plaintiff must assert a Constitutional claim. If the plaintiff does not assert 42 U.S.C. § 1983, the plaintiff's federal Constitutional claims should be dismissed. *Hearth*, at 383. The Plaintiff in this case has attempted to bring an action directly under the United States Constitution. This Court makes no determination as to the merits of Ms. Hunt's Fifth and Fourteenth Amendment claims. They may or may not be meritorious. However, since no attempt has been made to invoke

the protection of 42 U.S.C. § 1983, relief cannot be granted with respect to Plaintiff's federal Constitutional claims.

Defendant's Ground 2: Eleventh Amendment Immunity Bars All Federal and State Claims Against Defendant in his *Official* Capacity.

■■■■ Broadly speaking, the Eleventh Amendment is a limitation on federal jurisdiction,[9] shielding a state from having to defend litigation brought by private parties in federal court without the state's consent. *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944). The states' protection from defending actions in federal court has often been referred to as "Eleventh Amendment immunity."

■■■■ A suit against a state official is his official capacity is tantamount to a suit against the particular state agency.[10] It is also well-settled that, unless expressly waived, Eleventh Amendment immunity prevents a state and its agencies from being sued in federal court, and likewise prevents a plaintiff from seeking certain kinds of relief against state agents. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). Actions for money damages against state agents in their official capacity are barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

The State of Texas Office of the Attorney General is a state agency. Tex. Govt.Code Ann. §§ 402.001, *et. seq.* Defendant Tommy Smith was an agent of the State of Texas on the relevant dates. The Plaintiff is seeking money damages against Defendant Tommy Smith. It therefore follows that all claims against the Defendant Tommy Smith in his official capacity are barred by Eleventh Amendment immunity.

Defendant's Ground 3: All Federal Constitutional Claims Against Defendant Smith *Individually* are Barred by Qualified Immunity.

This Court agrees that the Plaintiff cannot recover against the Defendant on her federal Constitutional claims. However, although the Defendant would most likely be entitled to qualified immunity,[11] qualified immunity is not necessary to protect the Defendant.

As mentioned above, the Plaintiff has not properly plead or sought the protection of 42 U.S.C. § 1983. Since she has failed to do so, she cannot prevail against the Defendant on any federal Constitutional claims. All federal Constitutional claims against Defendant Smith, individually, are therefore dismissed.

Defendant's Ground 4: State Law Claims Against Defendant Smith Individually are Barred by Official Immunity.

■■■■ The Texas Supreme Court has stated that government employees are entitled to official immunity from suit arising from performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Official immunity in Texas is substantially the same as qualified immunity under federal law. *Id.* at 656. One important difference, however, is that official immunity does not incor-

---

9. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).

10. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office").

11. The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as their actions do not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

porate the requirement that the plaintiff show the violation of a clearly established right. Rather, official immunity hinges on whether the official's activities were undertaken in "good faith," that is, whether they were objectively reasonable. *Id.* at 656–67; *Hart v. O'Brien,* 127 F.3d 424, 444 (5th Cir.1997).

With respect to the first prong of the above test, this Court finds that Defendant Smith was performing discretionary acts when the alleged misconduct occurred. *Chambers* defined a "discretionary act" as an act that "involves personal deliberation, decision, and judgment." *Chambers,* 883 S.W.2d at 654. If a state employee is involved in a "discretionary act," he meets the first prong of the *Chambers* test.

The Plaintiff's petition alleges that the Defendant Smith: (1) surveyed the office "to determine the workplace environment"; (2) brought Plaintiff into his office to discuss the survey results; (3) decided how and where office personnel and supplies should be used; and (4) evaluated Plaintiff's work performance through "investigations" and written "reports." Texas courts have specifically held that individuals charged with gathering and evaluating information to make decisions are acting in a discretionary capacity. *Eakle v. Texas Dep't of Human Servs.,* 815 S.W.2d 869, 875 (Tex.App.—Austin 1991, writ denied). Plainly, as Plaintiff's supervisor, Defendant Tommy Smith was participating in "discretionary acts" when he was engaged in the above-described activities.

 Furthermore, regarding the second prong of the *Chambers* test, this Court finds that Defendant Smith acted in good faith when performing the acts that are the basis of the Plaintiff's claims. The test for whether a government official or employee acted in good faith is one of "objective reasonableness." *Chambers,* 883 S.W.2d at 656. Under this test, an official employee acts in good faith if a reasonably prudent official or employee, under the same or similar circumstances,

could have believed that his or her acts were justified. *Id.* To refute this element, the plaintiff must establish that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts." *Chambers,* 883 S.W.2d at 657.

From this Court's reading of the Plaintiff's First Amended Original Petition, the Plaintiff has not established that the Defendant was not acting in good faith. The Plaintiff's First Amended Original Petition is wholly based its complaints on *Plaintiff's* perceptions, not on a reasonable supervisor's perception. The Fifth Circuit has held that "a subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *Little v. Republic Ref. Co. Ltd.,* 924 F.2d 93, 96 (5th Cir.1991).

 Lastly, this Court finds that the Defendant was acting within the scope of his authority when he performed the acts. A public official or employee is acting within the scope of his or her authority if he or she is discharging the duties generally assigned to him or her. *Chambers,* 883 S.W.2d at 658. This Court finds that Defendant Smith "investigated" and "reviewed" the Plaintiff's work, held meetings with employees about job performance, made decisions regarding office personnel and supplies, and made requests for work reports. Smith did not exceed the scope of his authority.

Having determined that the Plaintiff has met all three prongs of the *Chambers* test, the Court concludes that all state law claims against Defendant Smith individually are barred by official immunity.

### III. Plaintiff's Motion to Extend Time to Respond to Motion to Dismiss and Request for Oral Hearing.

 Local Rule CV–7(e) provides, "A party opposing a motion has 10 days in which to serve and file supporting documents and briefs after which the court will consider the submitted motion for decision.

684

Any party may separately move for an order of this court lengthening or shortening the period within which supporting documents and briefs may be filed." ·

Defendant Tommy Smith's Motion to Dismiss was served upon the Plaintiff on July 14, 1999 and was filed on July 16, 1999. Plaintiff's Motion to Extend Time to Respond was filed on August 5, 1999. These dates show that not only the Plaintiff did not file a response within the ten days permitted by the rule, but her Motion to Extend Time to Respond was filed *after* the Response was due.

Because the Motion to Extend Time itself was filed after the Response was due, the Court holds that the Plaintiff's Motion to Extend Time to Respond to Defendant's Motion to Dismiss is hereby DENIED. Also, since no reason appears in the record which leads the Court to believe an oral argument is needed, the Request for Oral Hearing is hereby DENIED.

### IV. Plaintiff's Motion to Extend Time for Service and the Dismissal as to Defendants State of Texas, State of Texas Office of the Attorney General, Dan Morales, David Vela, Adrian Vasquez, and Stephan Hubbard.

■ As mentioned above, the record fails to indicate that any of the Defendants in this case have been served correctly. Ms. Hunt has had ample opportunity to serve the defendants. She could have attempted to re-serve the Defendants before the case was removed. She also could have attempted service after removal. As far as the Court is aware, Ms. Hunt has never attempted re-service on any of the Defendants.

■ Rule 4(m) of the Federal Rules of Civil Procedure provides for dismissal of a case in which service is not accomplished within 120 days unless good cause is shown for failing to effect service within that time period. The 120 day timetable usually runs from the filing of the original complaint. Fed.R.Civ.P. 4(m). However,

when a case has been removed, the 120 days runs from the day of removal. *Hickman v. U.G. Lively*, 897 F.Supp. 955, 958 (S.D.Tex.1995). This case was removed on January 19, 1999. Pursuant to Rule 4(m), Ms. Hunt was to serve the Defendants by May 19, 1999. The record does not reflect that she made any attempt at service once the case was removed.

Seeing that the Plaintiff had not served any of the Defendants, this Court sent Ms. Hunt a "Rule 4(m) Notice" on September 20, 1999. In the notice, the Court informed the Plaintiff that if she did not establish "good cause" for the failure of service as to the State of Texas, the State of Texas Office of the Attorney General, Dan Morales, David Vela, Adrian Vasquez and Stephan Hubbard, all claims against those Defendants would be dismissed.

On October 3, 1999, Ms. Hunt filed a Response to the Rule 4(m) Notice and a Motion to Extend Time for Service. This Court holds that in this Response, Plaintiff did not establish "good cause" as to why she did not serve the Defendants within the 120 days permitted by the statute.

■ The burden of showing "good cause" is on the plaintiff. *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990). The Plaintiff's one attempt at service was by mail, pursuant to the Texas Rules of Civil Procedure. This occurred on December 18, 1998. Unfortunately for the Plaintiff, the record fails to indicate that this attempt at service was done correctly. This seems to be the Plaintiff's only attempt at establishing "good cause." However, a plaintiff who fails at attempted service by mail cannot establish "good cause" by that alone. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir.1993). The Plaintiff in this case has been aware since February 12, 1999 that the Defendants were claiming improper service. Yet, Ms. Hunt made no attempt to re-serve the Plaintiffs. This Court would be more understanding if there were some evidence that the Plaintiff attempted service more than once or if the

Defendants were evading service of process. However, nothing to that effect has occurred in this case. 224 days passed from the date of removal until the Court issued its Rule 4(m) Notice. Plaintiff's half-hearted attempt at service in this case does not constitute good cause.

If the plaintiff does not show "good cause," the court can either dismiss the case or extend the time for service. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). This Court declines to extend the time for service in this case for the following reasons: (1) the Plaintiff only attempted to serve the Defendants once; (2) the Plaintiff has known for over seven months that the Defendants claimed there was no effective service;[12] (3) almost nine months have passed since the case was removed from state court (far beyond the 120 days allowed by Rule 4(m)); (4) Plaintiff did not ask for an extension of time to serve until October 3, 1999 (Plaintiff should have requested an extension of time to serve *before* the expiration of 120 days); and (5) although Plaintiff's response to the Rule 4(m) Notice pleads with the Court not to dimiss the case, she made little effort in explaining why she didn't serve the Defendants within the 120 days. The Court holds that the Plaintiff had more than adequate time to serve the Defendants. Consequently, the Motion to Extend Time for Service is hereby DENIED.

■ The Court is cognizant of the fact that the statute of limitations may have run in this case. However, the expiration of the statute of limitations does not automatically require extension of time for service. Absent a showing of good cause for the delay in service, the court has discretion to refuse an extension or even order a dismissal notwithstanding that the statute of limitations would bar refiling. *Petrucelli v. Bohringer & Ratzinger GMBH Ausdereitungsanlagen,* 46 F.3d 1298, 1306 (3rd Cir.1995). A Rule 4(m) dismissal is a dismissal without prejudice.

*Norlock v. City of Garland,* 768 F.2d 654, 658 (5th Cir.1985). Nonetheless, a dismissal "without prejudice" does not mean "without consequence." *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989). The "without prejudice" condition permits a plaintiff to refile the complaint as if it had never been filed. A Rule 4(m) dismissal does not however, give the Plaintiff a right to refile without the consequence of time defenses, such as the statute of limitations. *See Redding v. Essex Crane Rental Corp. of Alabama,* 752 F.2d 1077 (5th Cir.1985). As the Third Circuit Court of Appeals has cautioned, "[t]he lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." *Braxton v. United States,* 817 F.2d 238, 242 (3d Cir.1987).

■ The Plaintiff argues in her "Response to the 4(m) Notice" that the Court should not dismiss the case because she is acting pro se. Indeed, many courts have stated that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Development,* 994 F.2d 874, 876 (D.C.Cir.1993). Although mindful that Ms. Hunt is appearing pro se, the Court is aware that she is a licensed attorney. She is therefore not afforded the luxuries that the Court might otherwise be inclined to provide a non-attorney pro se litigant. *See Guardino v. American Sav. & Loan Ass'n of Fla.,* 593 F.Supp. 691, 694 (E.D.N.Y. 1984).

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED

(1) that Plaintiff's Motion to Remand is DENIED;

---

**12.** In Defendant's Response to Plaintiff's Motion to Remand, filed February 12, 1999,

Plaintiff's were given notice that the Defendants were claiming ineffective service.

(2) that Defendant's Motion to Dismiss WITH PREJUDICE as to Defendant Tommy Smith is GRANTED;

(3) that Plaintiff's Motion to Extend Time to Respond to Motion to Dismiss is DENIED;

(4) that Plaintiff's Request for Oral Hearing is DENIED;

(5) that Plaintiff's Motion to Extend Time for Service is DENIED; and

(6) that all claims against the State of Texas, State of Texas Office of the Attorney General, Dan Morales, David Vela, Adrian Vasquez, and Stephan Hubbard are DISMISSED WITHOUT PREJUDICE.