**Vaughn Stephen AYRES, Jr., Plaintiff**

v.

**CITY OF BEAUMONT and Michel B. Bertrand, Defendants**

**No. CIV.A. 1:00CV560.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 31, 2001.

James William Henges, Lewis & Associates, Beaumont, TX, for Plaintiff.

Joseph P Sanders, Assistant City Attorney, City of Beaumont, Beaumont, TX, for Defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before the Court is Plaintiff's Motion to Remand, and the Court having reviewed the motion and response on file is of the opinion that the motion be DENIED.

On July 13, 2000, Plaintiff Vaughn Stephen Ayers, a Beaumont Fire Department firefighter, filed a complaint against Defendants City of Beaumont and Michel B. Bertrand, Chief of the Beaumont Fire Department, in the Justice Court, Precinct One, Place One, Jefferson County, Texas. The plaintiff alleged various violations of 42 U.S.C. § 1983 and various state law causes of action including breach of con-

tract, intentional and negligent infliction of emotional distress and defamation. He claims these violations were committed against him by the defendants because of a fifteen day disciplinary suspension imposed on him following an allegation by a female firefighter that the plaintiff had covertly observed her changing clothes through a crack in a door. His complaint specifically named Chief Bertrand "in his official capacity as Chief of the Fire Department of the City of Beaumont."

The action was timely removed to this Court on August 15, 2000, by the Senior Assistant City Attorney for the City of Beaumont on behalf of the City of Beaumont. The plaintiff challenged the removal on September 12, 2000, through his motion to remand on the basis that Defendant Bertrand had not been "joined" in the removal and, hence, the removal was improper under 28 U.S.C. § 1446(b). The defendants counter that Chief Bertrand had consented to the removal and subsequently showed his prior consent with a filing signed by Chief Bertrand. More substantively, the defendants also assert that Chief Bertrand is only a nominal defendant and therefore his consent to removal is not required.

"Nominal" or "formal" parties need not join in a removal petition. *See Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir.1991) (citing, *inter alia*, *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir.1970)). To establish that a defendant is nominal, the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court. *Id.* The *Tri–Cities* test of whether defen-

dants are nominal parties "is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." *Id.; Tri–Cities,* 427 F.2d at at 327.

■ As the plaintiff noted in his complaint, Chief Bertrand is named a defendant in his official capacity as Chief of the Fire Department. As such, any federal constitutional claim against him individually may be barred by qualified immunity. *See Hunt v. Smith,* 67 F.Supp.2d 675, 682 (E.D.Tex.1999). The doctrine of qualified immunity protects government officials performing discretionary functions from liability of civil damages as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* n. 11. The plaintiff asserts that, under § 1983, various of his liberty interests, due process and equal protection rights were violated by the disciplinary action he received based on the statement made by the female firefighter. He does not specifically assert how Defendant Bertrand would have known of these alleged violations when acting under city policy. In fact, the plaintiff acknowledged in his complaint that he had committed other acts for which he had been punished in the past and that "Defendant [apparently referring to the City of Beaumont] may or may not have a progressive disciplinary system." It appears clear that to the extent Chief Bertrand acted to discipline the plaintiff for the alleged "peeping" incident, he did so based on the female firefighter's statement, the plaintiff's prior disciplinary history and the likelihood of a progressive disciplinary system. As such, Chief Bertrand was acting within his discretion as a city official and enjoys qualified immunity from a federal claim.

■ The remaining Texas state law claims against Chief Bertrand individually are similarly barred by the doctrine of official immunity. Under Texas law, an official is entitled to protection under this doctrine if he is performing (1) discretionary duties in (2) good faith as long as he is (3) acting within the scope of his authority. *Id.* (citing *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994)). Here, Chief Bertrand was acting with discretion, as noted above. There is no evidence or allegation that he was acting in other than good faith. Additionally, the plaintiff has not shown that Chief Bertrand acted outside his scope of authority and has admitted to the likelihood of a progressive disciplinary system. Unless the plaintiff can adduce evidence showing actual bad faith or action outside the scope of authority, Chief Bertrand is protected by official immunity from a lawsuit in state court.

On these bases, Chief Bertrand is a nominal party to this action because there is no possibility he could be individually sued in state court. The lawsuit was removed on the basis of federal question jurisdiction. Although most Fifth Circuit remand analyses involving nominal parties in the past have involved removal based on diversity jurisdiction, the same analysis applies to removal based on federal question jurisdiction. *See Farias,* 925 F.2d at 871–72.

Further, this Court can enter a final judgment consistent with equity and good conscience in the absence of Chief Bertrand as other than a nominal defendant which will not be unfair or inequitable to the plaintiff.

The Court also finds that Chief Bertrand, whether so indicated in the original removal petition filed by the City Attorney, consented to such removal as evidenced by his subsequent signature in af-

firmation of the defendants' response to the plaintiff's remand motion.

On each of these bases, it is, therefore,

ORDERED, that Plaintiff's Motion to Remand is hereby DENIED.