IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-20287
Summary Calendar

———————————

ROYCE EUGENE MITCHELL, JR.,

Plaintiff-Appellant,

versus

THE CITY OF HOUSTON, TEXAS;
ANTHONY HALL, JR., Houston City Attorney;
C.H. BRENHAM, Individually, and as a City of Houston Police
Officer; DANIEL JAY SIMMS, Individually, and as a Houston
Municipal Court Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1790
--------------------
January 7, 2003

Before DAVIS, JONES, and DENNIS, circuit Judges.

PER CURIAM:[*]

Royce Eugene Mitchell, Jr., appeals the grant of the
defendants' motion to dismiss with prejudice for failure to state
a claim under FED. R. CIV. P. 12(b)(6). Mitchell argues that the
district court erred in holding that he relied upon invalid
authority to support his contention that there are two classes of

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

citizenship and that he should be considered "sovereign." He also argues that the district abused its discretion in holding that he was a "person" required to file suit under 42 U.S.C. § 1983, arguing that he has the right to bring suit under the Bill of Rights, and in invoking the Rooker/Feldman doctrine where there had been no state court judgment. We review a district court's ruling on a Rule 12(b)(6) motion for failure to state a claim de novo. See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

Mitchell's argument that he, as a "de jure" citizen, has a right to bring his suit under the Constitution without invoking 42 U.S.C. § 1983 is meritless. The district court correctly noted that we have long harbored a great reluctance to allow the pursuit of constitutional causes of action directly. Even the most cursory reading of our case law demonstrates beyond cavil that we have permitted prosecution of such actions directly under the Constitution only when necessitated by a total absence of alternative courses and "no other means" existed to seek "redress for flagrant violations of the plaintiff's constitutional rights." When a statutory mechanism is available, 42 U.S.C. § 1983 being a prime example, plaintiffs must invoke its protection. See Hearth, Inc. v. Dep't. of Pub. Welfare, 617 F.2d 381 (5th Cir. 1980); Hunt v. Smith, 67 F. Supp. 2d 675, 681 (E.D. Tex. 1999)).

Without pleading 42 U.S.C. § 1983, Mitchell has failed to state a claim upon which relief can be granted. Consequently, we need not address whether the district court's alternative holding

that the <u>Rooker/Feldman</u> doctrine requires abstention.  The judgment of the district court dismissing Mitchell's claims is AFFIRMED.